# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5684 | **DATE** | 10/28/2010 |
| **CASE TITLE** | Robert Wyatt (#2009-0048423) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motions for leave to proceed in forma pauperis [3], [6] are denied. Plaintiff is given until November 29, 2010 to pay the filing fee. Plaintiff is warned that failure to pay the filing fee by November 29, 2010 will result in the dismissal of the instant action. Plaintiff's motions for appointment of counsel [4], [5] are denied.

■[ For further details see text below.]

Docketing to mail notices.

---

**STATEMENT**

This matter is before the court on Plaintiff Robert Wyatt's (Wyatt) motions for leave to proceed *in forma pauperis* and motions for appointment of counsel. Wyatt has failed to provide the court with accurately completed *in forma pauperis* application forms. For example, Wyatt indicates on his *in forma pauperis* application forms that he has not received more than $200 in income from any source in the last twelve months. (IFP 1-3). However, a review of Wyatt's prison trust account statement indicates that more than $300 has been deposited into Wyatt's account in the last twelve months. Therefore, since Wyatt has not provided accurate financial information on his *in forma pauperis* application forms, we deny the motions for leave to proceed *in forma pauperis*. Wyatt is given until November 29, 2010 to pay the filing fee. Wyatt is warned that failure to pay the filing fee by November 29, 2010 will result in the dismissal of the instant action.

Wyatt also seeks an appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the

indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Wyatt has not shown himself to be indigent. In addition, this case does not appear overly complex or difficult, factually or legally. We have considered the entire record in this case at this juncture, as it reflects on Wyatt's ability to coherently present his case as a layperson and his ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Wyatt is competent to present his case without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this juncture and we deny the motions for appointment of counsel.